**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARMIN MINER, *et al.*,           ) | |
|                                    ) | |
|     Plaintiffs,        ) | |
|                                    ) | |
|     v.                 ) | Civil Action No. 1:13-cv-00633 (BAH) |
|                                    ) | |
| DISTRICT OF COLUMBIA, *et al.*,    ) | |
|                                    ) | |
|     Defendants.        ) | |
|                                    ) | |

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER OF MAY 5, 2015**

Upon review of the Memorandum Opinion issued by the Court on April 5, 2015, Plaintiffs and their counsel understood that the Court granted Summary Judgment as to Plaintiffs' claims against the municipal Defendant, the District of Columbia, and allowed their claims against the individual police officer Defendants to proceed to trial.  The principal basis for allowing the case to proceed against the individual Defendants was, as the Court found, that "a genuine dispute of material fact clearly exists as to whether the defendant officers had probable cause to stop the plaintiffs since the parties dispute whether the defendant officers actually witnessed Plaintiff Miner driving in an erratic manner with Plaintiff Baldwin in the vehicle." Mem. Op. at 15-16.  In making this ruling (a sound ruling in Plaintiffs' view), the Court observed "the unusually sharp and ironic divergence in accounts between the plaintiffs, who fully admit to traffic violations, in the face of the defendant officers' denial of observing them." Mem. Op. at 15.  The Court also found the existence of material factual disputes which precludes summary

judgment regarding Plaintiffs' claims of common law battery, assault, and excessive use of force. Mem. Op. at 16.[1]

Having long believed that the D.C. Metropolitan Police Department was primarily responsible for the offenses of police brutality which the officers committed against them, as alleged in the Complaint, Plaintiffs moved to dismiss their case against the individual Defendants with the consent of Defendants' attorneys on May 4, 2015. See Plaintiffs' Consent Motion to Dismiss the Individual Defendants [35].

By Minute Order dated May 5, 2015, the Court granted the aforementioned Plaintiffs' Consent Motion to Dismiss the Individual Defendants.  In this Minute Order, the Court also granted, "as conceded," Defendant's Motion to Vacate and Reconsider the Court's April 9, 2015 Order Denying Summary Judgment to the Four Unknown Officers and the District.  The Court further ordered Plaintiffs to Show Cause by noon today why this case should not be dismissed in its entirety because Plaintiffs did not file "a timely opposition by May 4, 2015," to Defendant's Motion to Vacate and Reconsider.

Plaintiffs' filing of their voluntary Motion to Dismiss the Individual Defendants on the May 4, 2015 opposition deadline was Plaintiffs' de facto response to Defendant's Motion to Vacate and Reconsider.  Plaintiffs' Motion to Dismiss, now granted by the Court, did not expressly concede the arguments made in Defendant's Motion to Vacate and Reconsider, nor was it meant for Plaintiffs' Motion to implicitly concede those arguments.

---

[1] The additional facts presented by Defendant in its Motion to Vacate and Reconsider do not completely dispel the underlying factual disputes relating to the issues of probable cause for detention and excessive use of force by the officers.

The voluntary, now granted Plaintiffs' Consent Motion to Dismiss the Individual Defendants rendered moot Defendants' Motion to Vacate and Reconsider because when the Motion to Dismiss was filed, there was no longer a case or controversy between the Plaintiffs and the individual Defendants. See Chafin v. Chafin, __ U.S.__, 133 S.Ct. 1017, 1023, 185 L.Ed.2d , __ (2013), and the cases cited therein.  Accordingly, Plaintiffs did not disregard, or intend to disregard, the Court's May 4, 2015 deadline for an opposition to Defendant's Motion.  It is clear that Plaintiff's Motion to Dismiss the Individual Defendants addressed the subject matter of Defendant's Motion.

As this case raised a number of procedurally and factually complex issues, it may be beneficial for the Court to hold a hearing before dismissing the case with finality.

    Respectfully Submitted,

    /s/ Joseph D. Gebhardt
    JOSEPH D. GEBHARDT
    D.C. Bar No. 113874
    The Law Offices of Gary M. Gilbert & Associates, P.C.
    1100 Wayne Avenue, Suite 900
    Silver Spring, MD 20910
    Phone: (301) 608-0880
    Fax: (301) 608-0881
    Email:  jgebhardt@ggilbertlaw.com

May 7, 2015    Attorney for Plaintiffs