**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARMIN MINER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00633 (BAH) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO THE COURT'S MAY 5, 2015 SHOW CAUSE ORDER**

Plaintiffs briefly respond to Defendant's Reply [38] which the District filed this afternoon criticizing Plaintiffs' Response to the Court's May 5, 2015 Show Cause Order.

First, we draw the Court's attention to the District's admission that Plaintiffs' mootness argument is correct. *See* Defendant's Reply at 1-2.

Second, to be clear, Plaintiffs relied on the facts and the material factual disputes which the Court described in its Memorandum Opinion on summary judgment at pages 15-16 (*see* Plaintiffs' Show Cause Response at 1-2); and Defendant chose not to seek correction of those facts as would be proper in a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e).  Consequently, these facts as found by the Court in its Memorandum Opinion stand at this point in the litigation.

Interestingly, Defendant now admits that its titled "Motion to Vacate and Reconsider" [33] is in fact a second Motion for Summary Judgment - a second bite at the apple tactic that must surely raise questions. *See* Defendant's Reply at 2, *passim*.

Another interesting and almost absurd development occurred today (at 2:07 pm) when Defendant's attorneys for the first time informed Plaintiffs' counsel that Officer Elliott, one of the

previously "unknown officers," is now back from his overseas military duty.  This information came as a response to Plaintiffs' previous query as to Officer Elliott's whereabouts and Plaintiffs' desire to take his deposition which the Court allowed to be taken out of time due to Elliott's absence for overseas military service during the discovery period. *See* Minute Order dated August 6, 2014.

Last but not least, we wish to draw the Court's attention to the District's factual admissions on page 11 of its Memorandum supporting its Motion to Vacate and Reconsider [33-1].  The violent actions that the District's police officers took against two African American men for alleged "traffic violations" was unconscionable, yet is conduct that is sanctioned and defended to the hilt by the District.  The police should make citizens safe in the city, not the other way around.

Many get frustrated not only with the roughhouse tactics of the D.C. police but also with the District's litigation tactics in these types of cases.  Here, with a thinly disguised second Motion for Summary Judgment, an unseemly attack on Plaintiffs' Show Cause Response, hiding of a defendant officer until after the last minute, and a negative attitude towards having a Court hearing that would likely clear up some complicated issues - the Plaintiffs and their counsel here must join with the frustrated many.

Respectfully Submitted,

/s/ Joseph D. Gebhardt
JOSEPH D. GEBHARDT
D.C. Bar No. 113874
The Law Offices of Gary M. Gilbert & Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Phone: (301) 608-0880
Fax: (301) 608-0881
Email:  jgebhardt@ggilbertlaw.com

May 4, 2015                          Attorney for Plaintiffs